IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TENDYNE HOLDINGS, INC. SECURITYHOLDERS' REPRESENTATIVE COMMITTEE ON BEHALF OF THE TENDYNE HOLDINGS, INC. SECURITYHOLDERS, | : : : : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-1070-CFC |
| ABBOTT VASCULAR, INC. AND ABBOTT LABORATORIES, | : : : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Plaintiff Tendyne Holdings, Inc. Securityholders' Representative Committee on behalf of the Tendyne Holdings, Inc. Securityholders ("Plaintiff") filed this breach of contract action against Defendants Abbott Vascular, Inc. and Abbott Laboratories (collectively, "Abbott"). D.I. 1. Plaintiff is a committee that represents the interests of the shareholders of Tendyne Holdings, Inc. ("Tendyne"), a private medical device company focused on developing minimally-invasive mitral valve replacement therapies. *Id.* In 2015, Abbott acquired Tendyne pursuant to an Agreement and Plan of Merger ("Agreement"). *Id.* The Agreement

entitled Plaintiff to certain "Earn-out Payments" upon Abbott achieving one or both regulatory milestones called "Earn-out Events" before certain deadlines. *Id.*

In the sole cause of action alleged in its complaint,[1] Plaintiff asserts that Abbott breached its obligations under the Agreement "by either failing to use Commercially Reasonable Efforts, by intentionally and materially interfering with the achievement of Earn-out Event 1 on or before December 31, 2017 or June 30, 2018, or by breaching [Abbott's] covenant of good faith and fair dealing in connection with [Abbott's] performance under the Agreement." *Id.* at ¶¶ 12–13. Plaintiff also alleges that Abbott breached the Agreement "by failing to provide Plaintiff with sufficient reports of the Earn-out Devices' progress." *Id.* at ¶ 14.

Abbott has moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and, in the alternative, has moved for a more definite statement under Federal Rule of Civil Procedure 12(e). D.I. 5.

---

[1] Plaintiff's complaint alleges a single cause of action for breach of contract, which includes a conclusory statement that Abbott "breach[ed] [its] covenant of good faith and fair dealing in connection with [its] performance under the Agreement." D.I. 1 at ¶ 13. It is unclear whether Plaintiff is alleging a second cause of action. In any event, Plaintiff's allegation that Abbott breached the covenant of good faith and fair dealing fails to state a claim because Plaintiff has not alleged a specific implied contractual obligation that was purportedly breached by Abbott. *See Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009) ("[T]o state a claim for breach of the implied covenant [of good faith and fair dealing], [a plaintiff] must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff. General allegations of bad faith conduct are not sufficient." (internal quotation marks and citation omitted)).

2

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The Court, however, is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (citation omitted).

To state a claim for breach of contract under Delaware law,[2] a plaintiff must allege facts sufficient to enable a defendant to plausibly infer: (1) the existence of a contractual obligation; (2) a breach of that obligation by the defendant; and (3)

---

[2] Although federal law governs the pleading standard, the parties agree that Delaware law governs the Agreement. (D.I. 6 at 4; D.I. 9 at 4).

3

resulting damage to the plaintiff. *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

It is undisputed here that Plaintiff satisfies the first requirement to state a claim for breach of contract. Plaintiff alleges that the Agreement required Abbott to use "Commercially Reasonable Efforts" to achieve the Earn-out Events and to provide Plaintiff with certain updates regarding the Earn-out Device's progress toward achievement of the Earn-out Events. D.I. 1 at ¶ 9. The nub of the parties' dispute is whether Plaintiff has plausibly alleged that Abbott breached that contractual obligation.

Plaintiff argues that it has "pleaded the factual allegations that [Abbott] did not act in a commercially reasonable manner and failed to obtain CE Mark approval, as well as [Abbott's] failure to provide sufficient progress reports[.]" D.I. 9 at 5 (citing D.I. 1 at ¶¶ 9–10).[3] The complaint, however, not only fails to address the Agreement's definition of Commercially Reasonable Efforts, but

---

[3] Plaintiff's failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure is evidenced by the fact that Plaintiff devotes just one paragraph of its answering brief to argue that it has pleaded sufficient facts in support of its allegation that Abbott breached the Agreement, *see* D.I. 9 at 5, but devotes approximately four pages to allege additional facts to support its pleadings. *See id.* at 6–10. Although Plaintiff's answering brief provides much of the factual detail missing from the complaint, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

4

contains only conclusory assertions that Abbott breached the Agreement by failing to use Commercially Reasonable Efforts. *See* D.I. 1 at ¶ 13. Plaintiff's complaint merely alleges that "Earn-out Event 1 was not achieved by December 31, 2017 as a result of [Abbott's] failure to use Commercially Reasonable Efforts or intentional decisions that materially interfered with the achievement of Earn-out Event 1." *Id.* at ¶ 10. This conclusory legal assertion is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 680.

Plaintiff does not allege any facts from which it can be plausibly inferred that Abbott either failed to use Commercially Reasonable Efforts or made intentional decisions to interfere materially with the achievement of Earn-out Event 1. As taken from Abbott's brief in support of its motion to dismiss, the Agreement extensively defines "[Abbott] Commercially Reasonable Efforts" as:

> [C]arrying out those obligations and tasks that comprise a level of effort and expenditure of resources (including appropriate allocation of resources) consistent with commercially reasonable practices normally and typically used by [Abbott], taken as a whole, and comparable companies to [Abbott], taken as a whole, that are engaged in the medical device industry, in each case, in connection with the development (including pre-clinical studies and clinical trials), testing, protection of intellectual property, pursuit of regulatory approvals or clearance requirements and manufacturing, in any case, of a product owned or controlled by [Abbott] taken as a whole, or such other comparable companies which are, at the time of such measurement of such level of effort and expenditure of resources, similarly situated (including with respect to market potential and sales potential), at a

5

stage of development similar to the Earn-out Device and having comparable regulatory approval or clearance requirements, include CE mark and device approval requirements; *provided* that such efforts shall take into account, using [Abbott's] reasonable judgment, conditions then prevailing and reasonably expected to occur in relation to safety and efficacy, anticipated pricing, costs, time to develop, the nature and extent of market exclusivity (including patent coverage of the Earn-out Device), medical and clinical considerations, labeling, reimbursement rates, the competitiveness of alternative products in the marketplace, the level of applicable intellectual property protection of the Earn-out Device and such other competitive products, the likelihood of and requirements for regulatory approval and other relevant scientific, technical, legal and commercial factors; *provided, further*, that such efforts shall include the right of [Abbott], using [Abbott's] reasonable judgment, to suspend, discontinue or decrease efforts to achieve the relevant Earn-out Event in circumstances where such suspension, discontinuation or decrease is consistent with the exercise of [Abbott] Commercially Reasonable Efforts.

D.I. 6 at 2 (first alteration in original) (emphasis in original) (citing Agreement § 1.13(b)(i)).[4]

The Agreement's definition of Commercially Reasonable Efforts expressly provides that Abbott's failure to achieve Earn-out Event 1 by itself does not

---

[4] Although the Agreement is not attached as an exhibit to Plaintiff's complaint, I may consider the Agreement because "[a] court may consider the pleadings, public record, orders, exhibits attached to the complaint, and *documents incorporated into the complaint by reference.*" *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 763 (D. Del. 2012) (emphasis added) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

amount to a breach of the Agreement. As stated above, the definition of Commercially Reasonable Efforts provides that "such efforts shall include the right of [Abbott], *using [Abbott's] reasonable judgment, to suspend, discontinue or decrease efforts to achieve the relevant Earn-out Event* . . . ." D.I. 6 at 2 (citing Agreement § 1.13(b)(i)) (emphasis added). Thus, assuming that Abbott exercises reasonable judgment, the definition of Commercially Reasonable Efforts affords Abbott with the discretion to discontinue its efforts to achieve Earn-out Event 1. Plaintiff does not allege any facts tending to show how Abbott may have failed to exercise reasonable judgment in connection with Abbott's failure to achieve Earn-out Event 1 or how Abbott may have acted intentionally to interfere with the achievement of Earn-out Event 1.

Furthermore, the definition of Commercially Reasonable Efforts requires Abbott, in connection with achieving the Earn-out Events, to exert effort and expend resources "consistent with commercially reasonable practices normally and typically used" by Abbott and other comparable companies "in connection with the . . . pursuit of regulatory approvals or clearance requirements and manufacturing . . . of a product . . . at a stage of development similar to the Earn-out Device and having comparable regulatory approval or clearance requirements, including CE mark and device approval requirements[.]" *Id.* (citing Agreement § 1.13(b)(i)).

7

Plaintiff does not allege any facts from which the Court may plausibly infer that Abbott violated this standard.

Finally, Plaintiff also alleges that "[Abbott] further breached the Agreement by failing to provide sufficient reports of the Earn-out Device's progress to the Committee." D.I. 1 at ¶ 14. But Plaintiff does not allege any facts from which the Court can plausibly infer that Abbott failed to provide sufficient progress reports. Plaintiff's conclusory legal assertion is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 680.

Because Plaintiff does not allege sufficient facts from which it can be plausibly inferred that Abbott breached any of its contractual obligations under the Agreement, I will grant Abbott's motion to dismiss Plaintiff's breach of contract claim.

**WHEREFORE**, on this 28th day of June in 2019, **IT IS HEREBY ORDERED** that:

1. Defendants Abbott Vascular, Inc. and Abbott Laboratories' Motion to Dismiss (D.I. 5) is **GRANTED**.

2. Plaintiff's Original Complaint (D.I. 1) is **DISMISSED**.

3. Plaintiff is given leave to file an amended complaint by no later than July 26, 2019. If an amended complaint is not filed by that date, the Clerk of the Court will be directed to close the case.

                                                COLM F. CONNOLLY,
                                          UNITED STATES DISTRICT JUDGE